**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**WILLIAM C. CHEATHAM-BEY,**

**Plaintiff,**

**v. CASE NO. 08-3148-SAC**

**UNITED STATES DEPARTMENT,**
**OF JUSTICE, et al.,**

**Defendants.**

**O R D E R**

This is a civil rights complaint filed pursuant to 28 U.S.C. § 1331 by plaintiff while he was an inmate of the Federal Correctional Institution, El Reno, Oklahoma. Having examined all materials filed herein, the court finds as follows.

**MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Plaintiff simultaneously filed three separate motions for leave to proceed in forma pauperis (Docs. 4, 5, 6). Documents 4 and 6 do not conform to the relevant statute, and shall be denied. With respect to plaintiff’s motion for leave to proceed in forma pauperis (Doc. 5), the court finds he has attached an Inmate Account Statement in support as statutorily mandated. Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner’s account for the six months immediately preceding the date of the filing of a civil action. Having examined the records of plaintiff’s account, the court finds the average monthly deposit to plaintiff’s account was $113.20 and the average monthly balance was $12.98. The court

therefore assesses an initial partial filing fee of $22.50, twenty percent of the average monthly deposit, rounded to the lower half dollar. Plaintiff is required to submit this initial partial filing fee to the court, and is granted leave to proceed in forma pauperis[1].

**SCREENING**

Because Mr. Cheatham-Bey is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed[2], the court finds the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**FACTUAL BACKGROUND**

The opinion of the Tenth Circuit Court of Appeals in United States of America v. William C. Cheatham, Case No. 04-3216 (10th Cir., May 2, 2005)[3] sets forth the relevant facts leading to

---

[1] Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

[2] Plaintiff's motion to exceed page limitation by one page was filed as a Motion to Supplement (Doc. 3), and is granted. The court has considered all 31 pages submitted by him as his Memorandum of Law in Support (Doc. 2).

[3] See United States v. Cheatham, D.Ct.No. 03-cr-10185-MLB (Doc. 67).

plaintiff's current confinement. Plaintiff was charged with three counts of being a felon in possession of a firearm and one count of being a felon in possession of ammunition. He entered a plea agreement and pled guilty to one count of being a felon in possession of a firearm. The other counts were dismissed. He was convicted upon his plea in the United States District Court for the District of Kansas. On June 7, 2004, he was sentenced to 72 months imprisonment[4] and 3 years supervised release. The plea agreement signed by plaintiff provided that he "knowingly and voluntarily waive(d) any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentencing," and expressly waived any right to a collateral attack and motion under 28 U.S.C. § 2255. The only exception to the waiver was if the trial court departed upward from the applicable sentencing guideline range as determined by the court. Id. at *4.

On June 14, 2004, Mr. Cheatham-Bey filed a Notice of Appeal, and argued it was not within the scope of the waiver. The government's motion to enforce the plea agreement was granted, and the appeal was dismissed. Id. Cheatham-Bey filed a petition for writ of certiorari, which was denied on October 31, 2005.

**CLAIMS**

Plaintiff names as defendants the United States "employed as

---

[4] The Circuit Court explained the sentence:

"The probation officer added two points to the defendant's offense level computation based on the counts which were dismissed. The defendant objected on the basis that the dismissed weapons offenses did not constitute relevant conduct because a year had passed between the count of conviction and the dismissed counts. The district court overruled the objection, concluding that the count of conviction and the dismissed counts demonstrate an identifiable pattern of specified criminal activity."

the United States Department of Justice[5]"; United States Attorneys Michael B. Mukasey and Eric F. Melgren; and Assistant United States Attorney David M. Lind[6]. Although much of what plaintiff alleges is difficult to decipher, it is evident that he challenges his criminal conviction and sentence. He seeks a declaration that he is in custody in violation of the United States Constitution as well as "discharge from (his) judgment and commitment order" and release from prison. He also seeks hundreds of millions of dollars in damages for alleged loss of property and wages, "unauthorized use of documents," false imprisonment, involuntary servitude, and "physical and mental damages" arising from his conviction and confinement[7].

As grounds for his complaint, plaintiff claims that the statute[8] used to indict and convict him "and every Federal Prisoner since 1948" was "never enacted into positive law," is "unconstitutional on its face," and void ab initio. Based mainly on this theory, he claims the federal district court which convicted and sentenced him lacked jurisdiction[9], and his plea agreement is

---

[5] The United States has sovereign immunity, which bars suits against it under 28 U.S.C. § 1331 for money damages. Plaintiff mentions that he has filed a tort claim, but does not bring this action under the Federal Tort Claims Act.

[6] Federal prosecutors are immune from suit for money damages for actions taken in the course of their official duties. See Imbler v. Pachtman, 424 U.S. 409, 424-28 (1976).

[7] Plaintiff attaches an "Invoice" in which he sets forth his claims for damages against "the United States, Department of Justice."

[8] Plaintiff cites this statute as Public Law 80-772, Title 18 U.S.C. 3231. 18 U.S.C. § 3231 currently provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

[9] Plaintiff also claims the federal court lacked "territorial" jurisdiction over his crime, which was committed in the State of Kansas and not on a federal enclave, that Kansas has jurisdiction over all crimes committed within its borders, and that no nexus to interstate commerce was charged or proven as an element of his offense.

automatically invalid as a result. He alleges that "the federal judiciary" and their agents, defendants Melgren and Lind, knew or should have known this law was invalid.

Plaintiff asserts "the most important issue" is that "The Moriccan Treaty of 1787" has been violated by his confinement. He claims that his forefathers and the United States signed this treaty, and its signatories are "estopped" from restraining each other's citizens. He states that this treaty is an "estoppel to everything the (criminal) court has done," and the treaty has been breached by the restraint on his liberty.

Plaintiff makes numerous other arguments. In several, he asserts he is not a citizen and therefore not subject to the criminal laws of this country. For example, he claims he is a "private person (sovereign)," and demands "recognition of his political and legal status and nationality, i.e., a Moorish American, Nubian-Hebrew Moor, aboriginal inhabitant in the republic state of Kansas." He also claims African Americans are not actually U.S. citizens, that the Fourteenth Amendment is fraudulent because slaves had no voice in its passage, he never consented to "Fourteenth Amendment Citizenship," and citizenship cannot be forced upon him. He additionally claims that "the United States engaged in a scheme to defraud him" by "use of fabricated evidence," perjured testimony, and false receipts and other commercial documents. As part of this theory, he claims his birth certificate used to identify him amounted to an "unratified adhesion contract." He claims that the "charging instruments" were defective, and that all of Titles 18 and 21 are void. He also refers to the Uniform Commercial Code, and states he has filed a security interest or

claim upon himself. He then argues that his claim is superior to that of the United States, and that the United States' claim on him[10] was discharged in bankruptcy. In addition, he makes indecipherable claims that some private bond was accepted and returned for value; admiralty laws warrant relief; and, even though he agreed to the plea agreement, he has now "counter-offered" and cannot perform thereunder.

**CLAIMS FOR DAMAGES PREMATURE UNDER HECK**

To the extent plaintiff seeks money damages, success on the merits of this case would necessarily imply the invalidity of his criminal conviction. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. See Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996)(concluding that Heck applies to a federal civil rights claim). Plaintiff does not allege or show that his conviction has been reversed, declared invalid, expunged, or called into question. Thus, his claim for money damages is premature, and he has no cause of action under § 1331 at this time.

**SOLE REMEDY FOR CLAIMS IS HABEAS CORPUS**

---

[10] Plaintiff asserts that the conviction and sentence entered against him "creates the presumption" that the United States "holds a claim against (him)."

Plaintiff's claims are attacks upon his conviction and sentence, and his requests for release from prison based upon those claims are in the nature of habeas corpus claims. The sole remedy for such claims are by direct criminal appeal and/or by filing a petition for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Such claims are not cognizable in a civil rights complaint under 28 U.S.C. § 1331. See Heck, at 483 (claim for injunctive relief challenging conviction is not cognizable under § 1983.). Because plaintiff was convicted in federal court of a federal crime, his exclusive habeas corpus remedy is that provided in 28 U.S.C. § 2255[11].

Under different circumstances, this court might give plaintiff the opportunity to have his complaint liberally construed as a § 2255 motion to vacate, modify, or set aside his sentence. However, the court declines to do so here for several reasons. First, plaintiff, in his plea agreement, expressly waived his right to challenge his conviction and sentence by either direct appeal or under § 2255. While plaintiff argues that the waiver does not apply because his claims are jurisdictional, his claims that the trial court lacked jurisdiction are utterly frivolous. Thus, the court finds the waiver effectively precludes plaintiff from raising his non-jurisdictional claims in a § 2255 petition.

Moreover, plaintiff styled his action as a complaint under 28 U.S.C. § 1331, and even claims the remedy provided under § 2255 is ineffective based on his theory that the habeas corpus statutes,

---

11 Plaintiff's claims are not cognizable under 28 U.S.C. § 2241 because they are quite obviously not challenges to the execution of his sentence, but rather to the validity of his conviction and sentence. Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000) (citation omitted).

like 18 U.S.C. § 3231, were not properly enacted into law in 1948.

In addition, it appears that an application by Mr. Cheatham-Bey under § 2255 would be time-barred because it has been more than a year since his conviction became final. See 28 U.S.C. § 2255(f)(1)("A 1-year period of limitation shall apply to a motion under this section" and "[t]he limitation period shall run from the . . . date on which the judgment of conviction becomes final"). Plaintiff's conviction became "final" when his petition for certiorari was denied on October 31, 2005. Thus, he had until October 31, 2006, to file a timely § 2255 petition. There is no indication on the docket sheet in his criminal case that he timely filed such a motion. The instant complaint, executed on May 15, 2008, was not filed until well after the one-year limitation period expired. See United States v. Valadez-Camarena, 402 F.3d 1259, 1261 (10th Cir. 2005)(holding that a district court does not abuse its discretion in declining to recast pleadings as a § 2255 motion when relief would be "facially barred as untimely . . . under 28 U.S.C. § 2255")(internal citation and quotation omitted).

**CLAIMS ARE UTTERLY FRIVOLOUS**

Many of plaintiff's allegations in his complaint and subsequent pleadings are unnecessary repetitions of the arguments summarized herein, and some are best described as nonsense. The court has no obligation to debunk every one of plaintiff's frivolous theories or explain why each of his bald citations to rules and laws does not entitle him to the relief he seeks. Suffice it to say that the court has carefully considered all claims and arguments presented by

plaintiff and finds that his complaint lacks any arguable basis in fact or law and should be dismissed as frivolous on its face.

The court specifically comments only as to a few of plaintiff's theories. Plaintiff's claims that the jurisdictional statute statute together with the criminal statute he was found to have violated were never properly enacted are patently frivolous and have uniformly been rejected. See, e.g., United States v. Risquet, 426 F.Supp.2d 310, 311 (E.D.Pa. 2006); Cardenas-Celestino v. U.S., 552 F.Supp.2d 962, 966-67 (W.D.Mo. 2008)("All . . . allegations concerning the supposed irregular adoption of Public Law 80-772 have been firmly denied by every court to address them.")(and cases cited therein). The United States Constitution, article III, section 2, clause 1, vests the federal district court with jurisdiction of all cases "arising under" the Constitution or the laws of the United States. Moreover, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Plaintiff was prosecuted for violating a law of the United States. By the terms of the Constitution and the relevant federal statutes, the federal district court plainly had jurisdiction over the offense of which he was convicted. Since plaintiff's attack on 18 U.S.C. § 3231 has no merit whatsoever, his corollary arguments that the sentencing court was without jurisdiction and that the plea agreement and all criminal proceedings are void are equally devoid of merit.

Plaintiff's argument that his conviction was unconstitutional because the federal court did not have exclusive jurisdiction over the geographical location where the crime occurred also has no legal

merit. The Tenth Circuit has rejected "territorial jurisdiction" arguments that a federal district court's jurisdiction depends upon proof of the United States owning the property where the crime occurred or of a state ceding jurisdiction. See e.g., U.S. v. Hodges, 42 Fed.Appx. 250, 251 (10th Cir. 2002)[12]. In another opinion rejecting a territorial jurisdiction argument the Tenth Circuit noted that "article I, section 8 of the United States Constitution . . . empowers Congress to create, define and punish crimes, irrespective of where they are committed." United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990), cert. denied, 500 U.S. 920 (1991), *citing* see United States v. Worrall, 2 U.S. (2 Dall.) 384, 393 (1798)(Chase, J.). In the criminal context, so long as a federal crime is charged, 18 U.S.C. § 3231 confers subject matter jurisdiction upon the federal courts to adjudicate the case. The Seventh Circuit succinctly responded to this type of claim as follows:

> Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the "jurisdictional" inquiry.

Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999). Once Cheatham-Bey pled guilty in a court which had jurisdiction of the subject matter and of the defendant, as did the court in his criminal case, "the court's judgment cannot be assailed on grounds that the government has not met its burden of proving so called jurisdictional facts." Hugi, 164 F.3d at 381 (quotation marks and citation omitted).

[12] A copy of this unpublished opinion is attached in compliance with rules of the Tenth Circuit Court of Appeals.

**OTHER MOTIONS AND PLEADINGS**

Plaintiff has also filed a "Notice to Clerk" (Doc. 7), "Writ of Judicial Notice" (Doc. 8), Motion for Emergency Hearing (Doc. 10), Memorandum in Support of Habeas Corpus, Order for Immediate Release (Doc. 11), and an Affidavit (Doc. 12). Plaintiff improperly includes additional arguments and claims in these pleadings, without designating them as amendments or supplements to his original complaint. A complaint may be amended once without leave of court, and plaintiff has not sought leave for multiple amendments. In any event, plaintiff's general assertions therein regarding the United States Sentencing Guidelines, suits in admiralty, and the "Booker decision" are not alleged to relate in any fashion to the facts underlying his claims. Furthermore, his claims that he was improperly sentenced to imprisonment and supervised release and that the Sixth Amendment was violated are challenges to his sentence and conviction cognizable only under 28 U.S.C. § 2255, and like his other habeas claims, are not properly raised herein. Plaintiff is not entitled to discovery or an evidentiary hearing on utterly frivolous claims. Accordingly, his Motion for Emergency Hearing and transfer by writ to this court for hearing shall be denied.

**ACTION COUNTS AS STRIKE**

In all, plaintiff has filed over 60 pages of claims and arguments, and has filed several unnecessary motions and pleadings. He has attempted to proceed on claims that he expressly waived in his plea agreement. His claims are patently frivolous, and he fails

to state a claim against the named defendants. Frivolousness and failure to state a claim are both grounds for mandatory dismissal under § 1915A. In addition, a dismissal on either ground is a "prior occasion" and counts as a "strike" under the "three strikes provision," 28 U.S.C. § 1915(g). The court therefore finds that this action should count as a strike under § 1915(g).

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to this court an initial partial filing fee of $22.50, and his motion for leave to proceed in forma pauperis (Doc. 5) is granted. Any objection to this order must be filed on or before the date payment is due.

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement (Doc. 3) is granted, his extra motions for leave to proceed in forma pauperis (Docs. 4 & 6) are denied; and his motion for emergency hearing (Doc. 10) is denied.

**IT IS FURTHER ORDERED** that this action is dismissed for failure to state a claim against the named defendants, as premature under Heck, and as frivolous on its face.

**IT IS FURTHER ORDERED** that the dismissal of this action constitutes a strike under 28 U.S.C. § 1915(g).

Copies of this Order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 18th day of November, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge